**ELECTRO MEDICAL SYSTEMS S.A., Plaintiff,**

v.

**COOPER LASERSONICS, INC., et al., Defendants.**

**No. 84C10507.**

United States District Court, N.D. Illinois, E.D.

Sept. 26, 1985.

---

John D. Simpson, Steven H. Noll, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for plaintiff.

James M. Wetzel, Robert M. Ward, Cook, Wetzel & Egan, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is defendants' motion, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss this action for lack of subject matter jurisdiction. For the reasons stated herein, defendants' motion is denied.

## I. FACTS

This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, on the validity of certain U.S. patents. The plaintiff, Electro Medical Systems, S.A. (EMS), is a corporation existing under the laws of Switzerland, with its principal place of business in Switzerland. Defendant Cooper LaserSonics, Inc. is a Delaware corporation with its principal place of business in Levittown, New York. Defendant Dentsply International, Inc. is a Delaware corporation with its principal place of business in York, Pennsylvania. Dentsply is authorized to do business in the State of Illinois and does business on behalf of Cooper LaserSonics through a sales agent, Henry Haslam, in Arlington Heights, Illinois. Venue is proper under 28 U.S.C. § 1391, and jurisdiction is proper under 28 U.S.C. § 1338.

The patents at issue are held by Cooper and involve "air-abrasive" methods and equipment for cleaning teeth. Cooper manufactures and sells this equipment under the trade name "Prophy-Jet". Dentsply is an exclusive distributor for Cooper and of Prophy-Jet teeth cleaning equipment. EMS manufactures and sells similar teeth cleaning equipment under the trade names "Air-Flow I" and "Air-Flow II".

Plaintiff's claim for declaratory judgment on the validity of defendants' patents arises out of threats of infringement litigation by Dentsply. Plaintiff also alleges that on two separate occasions representatives of Dentsply threatened suit against potential U.S. distributors of EMS products, "Air-Flow I" and "Air-Flow II". In

addition, plaintiff alleges that on three separate occasions Cooper's predecessor in interest brought suit in foreign forums alleging infringement of foreign patents corresponding to the U.S. patents at issue.

## II. DISCUSSION

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a federal court "may declare the rights and other legal relations" of parties in "a case of actual controversy." The Act's "actual controversy" requirement is identical to the "case or controversy" requirement contained in Article III of the United States Constitution. This Constitutional requirement limits the exercise of federal judicial power to real and substantial controversies. *Heerema Marine Contractors v. Santa Fe Intern.*, 582 F.Supp. 445, 448 (C.D.Cal.1984).

■ In applying these principles to declaratory judgment actions involving patents, this court will consider a two-prong test to assess whether this case is appropriate for judicial determination.

First, in a declaratory judgment action, the plaintiff must have a "real and reasonable apprehension that he will be subject to liability" if he commences or continues the activity in question.

Second, "the plaintiff must have actually produced the accused article or have engaged in preparations such that but for a finding that the product infringes or for extraordinary and unforeseen contingencies, the plaintiff would and could begin production immediately." *Heerema, supra; International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir.1980).

### A. *Reasonable Apprehension*

■ A plaintiff's reasonable apprehension may be the product of an implied charge of infringement or of a course of conduct which would lead a reasonable man to fear he or his customers face suit or the threat of suit. *International Harvester, supra,* 623 F.2d at 1211. In the instant case, plaintiff has alleged that Dentsply has made threats of infringement charges against EMS customers. A suit seeking declaratory judgment is not subject to dismissal on the basis of "no reasonable apprehension" where plaintiff's vice president attested that a principal of the licensee had informed him that plaintiff's device infringed the patent. *Ag-Tronic, Inc. v. Frank Paviour Ltd.*, 70 F.R.D. 393, 397 (D.Neb. 1976). In light of the affidavit of EMS's president, in which he says that Dentsply representatives and officers have threatened suit against potential EMS distributors, the issue is whether alleged threats of infringement suits by a patentee's licensee or exclusive distributor can form the basis for reasonable apprehension.

Dentsply and Cooper argue that the acts of a patentee's agent charging infringement without specific authority to do so does not constitute reasonable apprehension. *Ag-Tronic, supra.* However, it is clear from the documents filed under seal with the Court that Dentsply is Cooper's exclusive distributor and therefore has the express authority to bring a suit for infringement. *A.L. Smith Iron Co. v. Dickson*, 141 F.2d 3 (2d Cir.1944).

Finally, plaintiff argues that the reasonable apprehension requirement is satisfied because the defendant Cooper and its agents brought infringement suits against EMS and its agents on the corresponding foreign patent in foreign forums. Defendants counter that Cooper's predecessors in interest brought the foreign suits and that this conduct is not attributable to Cooper. The Court finds the defendants' argument to be unpersuasive, where, as here, the prior suits were brought on the exact same patents at issue and the exact same EMS products at issue. Therefore, the Court finds that the existence of prior infringement suits in foreign forums based on the corresponding foreign patents and against the EMS products at issue here is a sufficient basis for reasonable apprehension of identical suits in the United States on EMS products.

### B. *Sufficient Involvement In Potentially Infringing Activity*

Defendants argue that the plaintiff has failed to allege sufficient preparatory steps

to introduce EMS products into the United States. Therefore, defendants conclude that the plaintiff has not evidenced an intent to take the immediate infringing action necessary to satisfy the case or controversy requirement in patent cases. Plaintiff counters that it manufactures and offers the alleged infringing products for sale in several foreign countries. In addition, plaintiff asserts that it agreed in 1982 with a Massachusetts company to distribute EMS products in the United States and that the distributor is awaiting the outcome of the foreign patent infringement actions before it commences distribution of EMS products.

In the present case, the plaintiff already manufactures the infringing product and offers it for sale in many foreign countries. In light of this fact and the existence of a Massachusetts distributor for EMS products in the United States, the Court finds that the plaintiff possesses an immediate ability and intent to offer the alleged infringing EMS products for sale in the United States.

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss this action for lack of subject matter jurisdiction is denied.